IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HOMERO SAN ANTONIO MENDOZA, et als

    Plaintiffs

    v.                          Civil No. 97-1717 (HL) JAG

WMS INDUSTRIES, et als

    Defendants

## CONFIDENTIALITY ORDER

Plaintiffs, through counsel, has requested production from the defendants of the following documents, which are from confidential business and/or personnel files of Posadas de Puerto Rico Associates, Incorporated:

1. Audited financial statements of Posadas de Puerto Rico Associates, Incorporated, for the years 1992-1997.

Counsel for the parties carried out discussions regarding whether or not the above mentioned documents are privileged and confidential by virtue of them being from business and personnel files. This discussion did not include any matter pertaining to attorney/client privilege or work-product privilege and is limited exclusively to matters pertaining to privileges involving business records and personnel files, including but not limited to financial statements.




This order issues as the result of a stipulation reached by counsel.

1. The disclosing defendants shall be permitted to restrict disclosure of all confidential information provided and any deposition or discovery request of confidential information by the plaintiffs, to plaintiffs, their counsel, and their consulting experts and expert witnesses solely for the purposes of this litigation.

2. The documents, copies of which are to be produced to plaintiffs's counsel are to be stamped **CONFIDENTIAL-NOT TO BE DISCLOSED OUTSIDE THIS LITIGATION** at the top and bottom of each page. The documents may also be disclosed only to partners, associates, secretaries, paralegal assistants and employees of counsels to the extent necessary to render services in this litigation and to court personnel involved in the litigation. They may be divulged to persons designated as trial witnesses in the case only as would be necessary for trial preparation.

3. As used in the order, the term **CONFIDENTIAL-NOT TO BE DISCLOSED OUTSIDE THIS LITIGATION** shall mean (and <u>refer to all designated documents and material containing</u> either <u>information regarding persons employed by defendants.</u> and/or) confidential proprietary information, or to documents to be produced in discovery, depositions, deposition exhibits, any portion of the foregoing and any information that is contained therein or produced

in discovery and designated as being **CONFIDENTIAL-NOT TO BE DISCLOSED OUTSIDE THIS LITIGATION** by defendants in accordance with the order. In designating information as **CONFIDENTIAL-NOT TO BE DISCLOSED OUTSIDE THIS LITIGATION**, defendants shall make such designation in good faith. Such material shall include all copies of documents, records and things designated as **CONFIDENTIAL-NOT TO BE DISCLOSED OUTSIDE THIS LITIGATION**.

4. All **CONFIDENTIAL-NOT TO BE DISCLOSED OUTSIDE THIS LITIGATION** matters shall be retained in the custody of counsel of record, who shall be responsible for restricting disclosure in accordance with the provisions of the order, and shall be disclosed only to those persons enumerated in paragraphs 1 and 2 above.

5. In the event the plaintiffs should object to a designation of material as confidential, the material shall be treated as so designated until the court rules to the contrary. The plaintiffs shall have the burden of moving the court to void the designation; defendants shall have the burden of satisfying the court of the need for non-dissemination. The provisions of Rules 26(c) and 37(a)(4), of the Federal Rules of Civil Procedure, shall apply to such proceedings objecting to the designation of material as confidential.

6. Defendants may designate information disclosed at a deposition as **CONFIDENTIAL-NOT TO BE DISCLOSED OUTSIDE THIS LITIGATION** by indicating on the record at the deposition that the

testimony is **CONFIDENTIAL-NOT TO BE DISCLOSED OUTSIDE THIS LITIGATION** and subject to the provisions of this protective order. Each court reporter participating in any such deposition shall be provided a copy of this order and shall adhere to its provisions. The designating party shall direct the court reporter to mark the designated portions of the transcript with the appropriate legend.

7. Any party may submit **CONFIDENTIAL-NOT TO BE DISCLOSED OUTSIDE THIS LITIGATION** matter to the court, or otherwise use or refer to such material in these proceedings. <u>When such information is embodied in a document or in deposition testimony that is filed with this court, it shall be designated accordingly and shall be filed and maintained under seal by the Clerk of the Court.</u> Such documents or transcript of testimony shall be filed in the Clerk's Office in sealed envelopes on which will be endorsed the title and docket number of this action, an indication of the nature of the contents of such sealed envelope, and the following statement:

> This envelope contains documents and/or testimony which have been filed by [name of party] and designated by counsel as confidential-not to be disclosed outside this litigation, and subject to the terms of a protective order of this court. It is not to be opened, nor the contents displayed or revealed, except by order of the court.

8. Counsels for Plaintiffs shall furnish a copy of this order to all persons who have access to the documents marked **CONFIDENTIAL-NOT TO BE DISCLOSED OUTSIDE THIS LITIGATION** and shall

assure that a copy of this order is given to any person having access to the documents at the moment of access.

Planned disclosure of the documents to persons other than those mentioned in paragraphs 1 and 2 above requires prior notice to defendants' counsels, which notice is to include names and addresses of persons to whom disclosure will be made and state the purpose of such disclosure. If counsel are unable to agree on the terms of disclosure, and opposition to disclosure is filed, the court will resolve the matter.

If counsel makes any copies of these documents, the dissemination of such is to be controlled in the same manner as the originals.

9. All parties may modify the terms of the order by mutual written consent without prior approval of the court.

10. Within thirty (30) days after the satisfaction of judgment in this case, all originals and reproductions of all documents subject to this protective order, except exhibits marked in depositions, and deposition transcripts and pleadings, shall be returned upon request to defendants. The provisions of the protective order shall continue to be binding after the termination of this action.

11. The parties may raise, independent of this protective order, objection to discovery of any matters protected by any privilege which may presently exist or arise in the future,

regarding documents not included in the list at page one (1) hereof.

12. Any requirements to supplement this order will be addressed to the court and the court will supplement this order as the need arises.

13. The parties also agree that all recipients of information subject to this confidentiality order shall themselves be bound to maintain confidentiality.

14. Production of any document or confidential information pursuant to this stipulation and order is not to be construed to constitute a waiver by any of the parties to this lawsuit to raising objections to the admissibility of such documents at trial, including but not limited to privilege(s).

In San Juan, Puerto Rico this 24th day of March, 1999.

|  |  |
|---|---|
| McConnell Valdés | Baella y Barceló |
| Attorneys for Defendants | Attorneys for Plaintiffs |
| PO Box 364225 | PO Box 36213 |
| San Juan, PR 00936-4225 | San Juan, PR 00936-3213 |
| Tel. 759-9292 | Tel. 763-4734 |
| By: James D. Noel III<br>U.S.D.C No. 201105 | By: Rafael Baella Silva<br>U.S.D.C. No. |

APPROVED AND SO ORDERED: _____
United States District Judge
Signed this 24th day of October, 2000.